NELSON P. COHEN
United States Attorney

GARY M. GUARINO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
gary.guarino@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AGGIE WASKEY and WASSILIE WASKEY, Individually and as Parents of RONALD WASKEY, a Minor,<br><br>     Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br><br>     Defendant(s). | Case No. 3:04-cv-00110-JWS<br><br>**UNITED STATES' QUALIFIED NON-OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiffs have moved for partial summary judgment on the factual issues of liability

(whether there was a breach of the standard of care) and causation regarding the alleged untimely

diagnosis and treatment of Ronald Waskey's kidney disease (MPGN Type II).  The United States

submits its Non-Opposition to Plaintiffs' motion, as discussed and qualified below.

The United States did not cause Ronald Waskey's kidney disease.  As Plaintiffs have

noted in their separate Motion for Rule of Law on Applicable Measure of Damages (Docket 32), the

past medical care for Waskey's kidney disease is attributable to the disease not to any delay in

diagnosis and treatment. Waskey's medical care is being provided via the State of Alaska Medicaid

program and Plaintiffs are not asserting a claim for Waskey's medical care to date. (Docket 32, pp.

3-4, n. 1). Thus, Plaintiffs' Motion for Partial Summary does not involve any claims for Waskey's

past and ongoing medical care for his kidney disease.

There are no disputed issues of material fact that there was a delay in the diagnosis

of Ronald Waskey's kidney disease and that this unexplained delay was a breach of the applicable

standards of medical care. There also is no dispute that the delay in diagnosis and treatment was a

cause of some damage to Waskey's kidneys, beyond the damage that might have been caused by the

underlying disease even with earlier diagnosis and treatment. The United States does not oppose

Plaintiffs' request for partial summary judgment on these two factual issues.

There are related factual issues that are contested and that cannot be resolved via

summary judgment. The date by which Waskey's disease should have been diagnosed is disputed

(sometime between late 1998 or 1999 and July 2003, when it was first diagnosed). The United

States' medical expert, Dr. Anthony Portale, testified that it could have taken a year or more (from

1998) for the disease to progress to the point where a diagnostic kidney biopsy would have been

ordered. Dr. Portale agreed that the disease should have been diagnosed before July 2003.[1] The

amount of kidney damage that Ronald Waskey has experienced and the amount of damage that may

have been caused by the delay in diagnosis are disputed. Dr. Portale testified that he disagreed with

Plaintiff's expert's opinion regarding the amount of kidney damage that Ronald experienced by July

---

[1] Dr. Portale Deposition, pp. 71-72 (Exhibit A).

2003. Dr. Portale agreed that earlier treatment could have reduced the amount of kidney damage but he noted that studies have indicated that some kidney damage ("scarring") may occur even for MPGN patients who receive treatment.[2] Thus, the length of the delay in diagnosis and the amount of kidney damage that is attributable to the delay remain as disputed factual issues.

Plaintiffs' primary claim is that the delay in diagnosis and treatment of Ronald Waskey's kidney disease will cause him to experience End Stage Renal Disease (ESRD) at some point 10 to 15 years in the future. The United States disputes this claim both as to whether or when Waskey might experience ESRD (in the future decades) and whether any future ESRD would be attributable to the delay in diagnosis as opposed to the underlying disease process. Plaintiffs' Motion for Partial Summary Judgment does not address these disputed claims.

Plaintiffs Aggie Waskey and Wassillie Waskey (Ronald's parents) have joined in this motion, which is limited to the issues regarding the delay in diagnosis of Waskey's disease and the resulting damage to his kidneys. Plaintiffs' motion and the United States' Non-Opposition do not establish that Aggie Waskey or Wassillie Waskey are entitled to any relief on their alleged claims.

Thus, the United States does not oppose Plaintiffs' request for partial summary judgment that the delay in diagnosis of Ronald Waskey's kidney disease was a breach of the standard of care and that the delay caused some damage to Waskey's kidneys.

---

[2] Dr. Portale Deposition pp. 75-77, 93-94, 96-99 (Exhibit A).

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2006
a copy of the foregoing UNITED STATES'
QUALIFIED NON-OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT was served
electronically on Ken Roosa and
Donna McCready.


s/ Gary M. Guarino
‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗