Kenneth S. Roosa
Cooke, Roosa & Valcarce
3700 Jewel Lake Road
Anchorage, AK 99502
Phone: (907) 276-2744
Facsimile: (907) 276- 2746
Ken@Bushlawyers.com

Attorneys for Aggie Waskey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| AGGIE WASKEY and WASSILIE WASKEY, Individually and as Parents of RONALD WASKEY, a Minor,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Defendants. | Case No. 3:04-CV-110-JWS<br><br><br><br><u>REPLY TO DEFENDANT'S QUALIFIED NON-OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT</u> |

　　　　The United States concedes that entry of an order granting Plaintiffs' Motion for Partial Summary Judgment is appropriate.  At page two (2) of the United States' Qualified Non-Opposition to Plaintiffs' Motion for Partial Summary Judgment, the United States admits: "There are no disputed issues of material fact that there was a delay in the diagnosis of Ronald Waskey's kidney disease and that this unexplained delay was a breach of the applicable standards of medical care.  There is also no dispute that the delay

in diagnosis and treatment was a cause of damage to Waskey's kidneys, "beyond the damage that might have been caused by the underlying disease even with earlier diagnosis and treatment." The Qualified Non-Opposition then goes on to characterize the Plaintiffs' Motion as a "request for partial summary judgment on these two factual issues." (Opposition at page 2).

The Plaintiffs did not move for summary judgment on "two factual issues." The Plaintiffs moved for summary judgment on the issues of liability and causation. (Motion at page 1). The *basis* of the motion was the absence of any issue of material fact as to either liability or causation. Because the United States conceded that there are no material issues of fact as to liability and causation, summary judgment is appropriate. The citation to certain portions of Dr. Portale's deposition does not inform the issue. Plaintiffs did not address quantum of damages in their motion, specifically conceding that there are issues of material fact as to the damages inquiry. Accordingly, discussion of facts related to the damages issue and argument regarding damages is legally irrelevant in the context of the motion now before the Court.

In addition, the United States asserts, without citation to any authority, that "[plaintiffs' motion and the United States' Non-Opposition do not establish that Aggie Waskey or Wassilie Waskey are entitled to any relief on their alleged (sic) claims." To the extent that the United States is contending that summary judgment on liability and causation should not apply to the parents' claims, such contention is incorrect. The defendant has waived its opportunity to oppose summary judgment as to liability and

causation with respect to the claims asserted by Aggie and Wassilie Waskey because it has admitted that the delay in diagnosis of Ron's kidney disease was negligent and that such negligence caused Ron's injury; these are the same liability and causation issues that apply to the parents' claims.

Aggie and Wassilie Waskey's claims are set out in paragraph 21 of the complaint. That paragraph alleges the following:

> 21.  Plaintiffs Aggie and Wassilie Waskey re-allege and incorporate herein as though they were set out in full, all allegations of the preceding paragraphs of the complaint and further allege that as a direct and proximate result of the negligence of the defendant described above, the plaintiffs suffered negligent infliction of emotional distress and loss of love, support and consortium, injury, damage and loss including, but not limited to the following: past and future economic and non-economic damages, mental anguish and emotional distress; past and future medical costs and related transportation, lodging and other expenses; loss of wages, loss of economic opportunities; loss of subsistence opportunities; loss of support, and loss of personal services, care, affection and consortium all to their damage in excess of $75,000.00, the exact amount to be determined at trial.

The preceding paragraph of the complaint (paragraph 20) asserts that the United States was

> "negligent in providing medical care to plaintiff Ronald Waskey. The negligent acts include, but are not limited to, failure to timely diagnose Ronald Waskey's MPGN, failure to timely treat Ronald Waskey's MPGN, failure to reach a reasoned diagnosis, failure to follow up on a clearly outlined diagnostic plan, and failure to keep adequate medical records."

In other words, reading the two pertinent paragraphs in conjunction, it is readily apparent that the factual basis for the claims asserted by Mr. and Mrs. Waskey is the same as that alleged as a basis for the claims asserted on behalf of Ron Waskey by his parents. In

fact, most of the claims asserted by the parents are derivative of the claims asserted on behalf of the child.

The United States admits that the facts alleged in support of Ron Waskey's claims are correct, and has conceded that summary judgment is appropriate as to liability and causation on those claims. It cannot now deny liability for derivative claims based on the same facts that it has admitted are true.

Further, the United States has failed to submit any admissible evidence establishing an issue of material fact as to its liability with respect to the claims asserted by the parents of the injured child. In short, the Court should enter partial summary judgment on behalf of all plaintiffs in this case as to liability and causation, reserving for trial the issue of damages.

Respectfully submitted at Anchorage, Alaska, this 1st day of December, 2006.

    COOKE, ROOSA & VALCARCE, LLC
    Attorneys for Plaintiffs


    s/ Kenneth S. Roosa
    Cooke, Roosa & Valcarce
    3700 Jewel Lake Road
    Anchorage, AK 99502
    Phone: (907) 276-2744
    Facsimile: (907) 276- 2746
    Ken@Bushlawyers.com
    Alaska Bar No. 8306061

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2006, a copy of the foregoing REPLY TO DEFENDANT'S QUALIFIED NON-OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT was served electronically on:

Gary Guarino, Esq.
Assistant U.S. Attorney
222 W. 7th Ave., #9, Room 253
Anchorage, AK  99513

Donna McCready, Esq.
Ashburn & Mason, PC
1130 W. 6th Ave., Suite 100
Anchorage, AK  99501


/s/ Kenneth Roosa