UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| AGGIE WASKEY and WASSILIE WASKEY,<br>Individually and as Parents of<br>RONALD WASKEY, a minor | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | 3:04-cv-110 JWS |
| vs. | )<br>) | ORDER AND OPINION |
| UNITED STATES OF AMERICA, | )<br>) | (Re: Motion at docket 32) |
| Defendant. | )<br>) | |

## I. MOTION PRESENTED

At docket 32, plaintiffs move for an order "determining that future medical costs will be measured by the estimated actual costs of any such future expenses."[1] Defendant United States opposes the motion which is fully briefed.[2] No party requested oral argument, and it would not assist the court.

## II. BACKGROUND

In this Federal Tort Claims Act ("FTCA") case, plaintiffs seek damages arising from medical malpractice, principally the failure to timely diagnose and properly treat Ronald Waskey's kidney disease, membranoproliferative glomerulonephritis (MPGN).

---

[1]Doc. 32 at p. 2.

[2]Defendant's response is at doc. 50, and plaintiffs' reply is at docket 53.

Plaintiffs moved for summary judgment on the issues of liability and causation.[3] The United States filed a qualified non-opposition.[4] The court granted the motion.[5]

Determination of plaintiffs' damages remains for trial. The pending motion concerns the measure of damages to be used in assessing the amount which will fairly compensate for Ronald's future medical care, the most significant component of which would be treatment associated with end-stage renal disease (ESRD) which could require dialysis and a kidney transplant, if it is determined that Ronald is going to suffer ESRD. Plaintiffs ask the court to rule that such damages are not measured by the amount that Medicare might in the future reimburse Ronald's health care providers for dialysis and a transplant, but rather by what Ronald would be charged and expected to pay if he did not have Medicare.[6] Plaintiffs argue that future Medicare benefits to Ronald are speculative and that, in any event, they are collateral benefits which may not be considered in awarding damages. Defendant contends that the amount which might be paid by Medicare is the best evidence of the costs that will be incurred, because Medicare covers about 90% of individuals with ESRD. Defendant also argues that the collateral source rule should not be applied where the defendant is the United States and the collateral source is Medicare.

This court has jurisdiction because the action arises from claims against the United States seeking money damages for "personal injury . . . caused by the negligent or wrongful act or omission of [a government employee] acting within the scope of his office or employment, under circumstances where the United States, if a private person,

---

[3]Doc. 34.

[4]Doc. 47.

[5]Doc. 58.

[6]Defendants assert that providers participating in the Medicare program agree to accept Medicare approved rates as payment, and agree the patient is not liable for any of the remaining amount ordinarily charged but not paid by Medicare. Doc. 50 at 3. For example, Jill Friedman's deposition testimony indicates that the Medicare payments for dialysis can be significantly less than what others would pay. In one instance $27,501 would have been charged if another source paid, but Medicare paid only $1,579. Doc. 53 Ex. 1 at 3.

-2-

Case 3:04-cv-00110-JWS   Document 69   Filed 03/23/07   Page 2 of 4

would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[7] Alaska law applies, because the injury occurred in Alaska.

### III. DISCUSSION

To recover damages on a claim for future medical expenses in Alaska, a plaintiff must prove two things:

1. "[t]he *fact* of damages by a preponderance of the evidence"

2. "[t]he *amount* of damages with a degree of certainty that allows the finder of fact to reasonably estimate the amount to be allowed for [the] item [of damages]."[8]

Plaintiffs ask the court to foreclose an argument by defendant that the most reliable measure of the amount needed to compensate for certain care Ronald is likely to need is the amount that Medicare would pay for such care. They ask the court to do so without actually hearing either plaintiffs' own evidence, or any evidence offered by the United States. The court declines to rule in advance of the trial at which it will hear all of the evidence which evidence it will find persuasive. Rather, the court will hear the evidence plaintiffs offer to reasonably estimate the cost of Ronald's future medical care. The court will then hear defendant's evidence, which the court understands will be evidence of the amount Medicare would pay, plus evidence that Ronald will be on Medicare and so would receive the care at Medicare rates.

The parties spend considerable effort discussing how the abrogation of the collateral source rule in medical malpractice actions effectuated by AS 09.55.548(b) might apply in this case. Suffice it to say that under the state statute, the collateral source rule would apply if payment were made from a program like Medicare because it is a "federal program that by law must seek subrogation." That would mean the exception to the statutory abrogation of the common law collateral source rules applies.

---

[7] 28 U.S.C. § 1346(b)(1).

[8] *Sherbhan v. Kerkove*, 987 P.2d 195, 198 (Alaska 1999) (internal quotations omitted).

Under federal law the United States, in its role as a tortfeasor, must be held liable to the same extent as a private person.[9] The United States urges that because the United States is both the tortfeasor and the entity which disburses Medicare and Medicaid payments, the collateral source rule should not apply. This argument will fail, however, if it is determined that Ronald qualifies for Medicare at the time of the ESRD treatment based either upon his parents' work history or his own. The Ninth Circuit has held that the collateral source rule applies where the collateral source is from a special government fund to which the plaintiff or a person upon whom he is dependent has made contributions.[10] On the other hand, if at the time dialysis or transplants are required, Ronald could not qualify for Medicare and so might be eligible for Medicaid, the argument might have merit. This matter cannot be resolved on the basis of the current motion practice. It will be resolved based on the evidence received at trial.

## IV. CONCLUSION

For the reasons above the motion at docket 32 is **DENIED**. Unless the parties reach a settlement–and the court strongly recommends that settlement be pursued–the court will hear the evidence at trial and thereafter determine the quantum of damages.

DATED this 23rd day of March at Anchorage, Alaska.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[9] 28 U.S.C. § 1346 (b)(1).

[10] *Siverson v. United States*, 710 F.2d 557, 560 (9th Cir. 1983).

-4-